IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03366-BNB

GARY ROBERT MILLER,

    Plaintiff,

v.

FREMONT COUNTY DISTRICT COURT, and
DISTRICT JUDGE JULIE G. MARSHALL,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Gary Robert Miller, is a prisoner who is currently incarcerated at the Fremont County Detention Center in Canon City, Colorado.  He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of the state court criminal proceedings against him.  Mr. Miller seeks damages in addition to injunctive relief.

    Mr. Miller has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Miller*, 490 U.S. 319, 324 (1989).  Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution

and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe Mr. Miller's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Miller alleges that his constitutional rights were violated during the course of his state court criminal proceedings.  Mr. Miller asserts that, on December 9, 2008, Defendant Judge Julie G. Marshall sentenced him pursuant to a plea agreement to one year in the custody of the DOC in Case No. 06CR432.  On January 2, 2009, he alleges that he was transported to Teller County for sentencing in two criminal cases--05C11 and 07C120. Mr. Miller alleges that the sentencing court agreed to run 90 days of his sentence for 07M120 concurrent to the one-year sentence imposed in 06CR432. However, Mr. Miller asserts that the sentencing judge contacted Defendant Judge Marshall and that the two judges apparently conspired to run the 90 day sentence consecutive to the one year sentence entered in 06CR432, instead of concurrently.  He alleges that the judgment entered in 06CR432 was "unlawful, created without jurisdiction, service of the process due nor the presence, knowledge or consent of Gary

Miller, created covertly and not on record." Amended Complaint at 3. Mr. Miller seeks "lost wages, out of pocket losses and damages for the 180 days of false imprisonment . . . ." *Id.* at 8.

However, Mr. Miller may not challenge the validity of his convictions in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Miller in this action necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. Miller does not allege any invalidation of his convictions nor is there an indication in the Complaint that he was granted one. Any claims challenging Mr. Miller's criminal state court proceedings would be barred by *Heck*.

Furthermore, to the extent that Mr. Miller is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1).

Mr. Miller's Complaint also suffers from other deficiencies. Defendant Judge Julie G. Marshall is absolutely immune from liability in civil rights suits when she is acting in her judicial capacity unless she acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Each of Mr. Miller's claims challenge the state court proceedings in his State of Colorado criminal cases. Nothing Mr. Miller asserts against Judge Marshall indicate that the judge was acting outside of her judicial capacity. The claims asserted against Judge Marshall, therefore, are barred by absolute judicial immunity.

Nonetheless, the instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  13th  day of   February  , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court